# GEORGIA DEPARTMENT OF LAW

40 Capitol Square SW
Atlanta, Georgia 30334-1300

CHRISTOPHER M. CARR
ATTORNEY GENERAL

www.law.ga.gov
(404) 458-3600

Writer's Direct Dial: (404) 458-3373

May 1, 2026

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

>     Re: *Alpha Phi Alpha Fraternity, Inc., et al. v. Secretary of State* (No. 23-13914)
>     *Coakley Pendergrass, et al. v. Secretary of State* (No. 23-13916)
>     *Annie Lois Grant, et al. v. Secretary of State* (No. 23-13921)

Dear Mr. Smith:

The Secretary writes to notify the Court of the Supreme Court's recent decision in *Louisiana v. Callais*, 608 U.S. ___ (2026) (Op.). *Callais* represents a comprehensive vindication of the Secretary's interpretation of Section 2 of the Voting Rights Act— and is correspondingly devastating to the district court's decision and Plaintiffs' theories. It compels prompt reversal of the judgment below.

First, *Callais* resolves the debate over whether a Section 2 plaintiff must "disentangle race from ordinary partisanship," Opening.Br.20, by holding that a plaintiff must "disentangl[e] race and politics," Op.30; *id.* 24-26, 34. Plaintiffs and the district court expressly rejected that obligation. Doc.333 at 235-36; Doc.268 at 42; Opening.Br.27-34. Indeed, the court found that Georgia drew maps not for racial reasons but to "capitalize on partisan advantage," Doc.333 at 262—and states may draw "districts to achieve partisan advantage," Op.24.

Relatedly, by clarifying that Section 2 entitles "a minority voter … to nothing less and nothing more" than "whatever opportunity results from the application of the State's combination of permissible criteria," Op.22, *Callais* confirms that "[i]f black voters' preferred candidates lose elections for non-racial reasons, then they have exactly the same opportunity as other" voters, Opening.Br.21-22. The district court misapplied every *Gingles* precondition by discarding that principle. *See* Op.29-30, 33-34; Opening.Br.10, 21-29.

Second, *Callais* dooms the district court's totality-of-the-circumstances analysis, which relied on a potpourri of long-past intentional discrimination, laws with supposed "disparate impacts," and socioeconomic data.  Opening.Br.35-43; Grant/Pendergrass.Br.16-20.  But this inquiry "must focus" on "intentional present-day voting discrimination"—*not* historical practices or "present-day disparities" linked to "societal discrimination."  Op.30-31, 34-35.  After *Callais*, there is no excuse for ignoring the "broad success" of Georgia's black voters. Opening.Br.42.

Finally, *Callais* confirms that Plaintiffs' misuse of Section 2 violates the Fifteenth Amendment.  To remain "sufficiently congruent with and proportional to" that Amendment, Section 2 "imposes liability only when the circumstances give rise to a strong inference that intentional discrimination occurred."  Op.23; Opening.Br.43-57.  Otherwise, it could be "used as a tool for advancing a partisan end," Op.36—namely, "a partisan boost to [black voters'] preferred party," Reply.Br.32—rather than as a prophylactic against invidious discrimination.

Sincerely,

/s/ *John Henry Thompson*
John Henry Thompson
     *Solicitor General*
Georgia Department of Law
40 Capitol Square S.W.
Atlanta, GA 30334
(404) 458-3373
jhthompson@law.ga.gov
*Counsel for Defendant-Appellant*
*Secretary of State of Georgia*

cc:    Debo P. Adegbile
       Sonika R. Data
       Marisa A. DiGiuseppe
       Eliot Kim
       Sophia Lin Lakin
       Alexander Miller
       Juan M. Ruiz Toro
       Ari J. Savitzky
       Denise Tsai
       George P. Varghese
       De'Ericka Aiken
       Robert Boone
       Ming Cheung
       Maura Douglas

Rahul Garabadu
Charlotte Geaghan-Breiner
Cory Isaacson
Taeyoung Kim
Kelsey A. Miller
Cassandra Mitchell
Joseph D. Zabel
Abha Khanna
Joyce Gist Lewis
Christina A. Ford
Adam M. Sparks
*Counsel for Plaintiffs-Appellees*