In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-13914

————————————————

ALPHA PHI ALPHA FRATERNITY, INC.,

 a nonprofit organization on behalf of members residing in Georgia,

SIXTH DISTRICT OF THE AFRICAN

METHODIST EPISCOPAL CHURCH,

 a Georgia nonprofit organization,

ERIC T. WOODS,

KENNETH GLENN,

PHIL BROWN, et al.,

*Plaintiffs-Appellees,*

UNITED STATES OF AMERICA,

*Intervenor-Appellee,*

*versus*

SECRETARY, STATE OF GEORGIA,

 in his official capacity,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-05337-SCJ

———————————

———————————

No. 23-13916

———————————

COAKLEY PENDERGRASS,

TRIANA ARNOLD JAMES,

ELLIOTT HENNINGTON,

ROBERT RICHARDS,

JENS RUECKERT, et al.,

*Plaintiffs-Appellees,*

*versus*

SECRETARY, STATE OF GEORGIA,

*Defendant-Appellant,*

ACTING CHAIR OF THE STATE ELECTION BOARD, et al.,

*Defendants.*

———————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-05339-SCJ

———————————

_____

No. 23-13921
_____

ANNIE LOIS GRANT,

QUENTIN T. HOWELL,

ELROY TOLBERT,

THERON BROWN,

TRIANA ARNOLD JAMES, et al.,

*Plaintiffs-Appellees,*

UNITED STATES OF AMERICA,

*Intervenor-Appellee,*

*versus*

SECRETARY, STATE OF GEORGIA,

*Defendant-Appellant,*

SARA TINDALL GHAZAL,

in her official capacities as member of the
State Election Board, et al.,

*Defendants.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00122-SCJ
_____

Before ROSENBAUM, LAGOA, and WILSON, Circuit Judges:

BY THE COURT:

Georgia has submitted a notice of supplemental authority regarding the U.S. Supreme Court's decision in *Louisiana v. Callais*, No. 24-109, 2026 WL 1153054 (U.S. Apr. 29, 2026). Georgia contends that this decision "compels prompt reversal of the judgment below." Doc. 175 at 1. Plaintiffs respond that "[a]t most, to the extent *Callais* updates the relevant legal standard, the Court should remand to the district court to consider the effect of *Callais* in the first instance." Doc. 178 at 1.

The issues that Georgia raised on appeal are (1) whether Georgia's electoral districts violate Section 2 of the Voting Rights Act, (2) the constitutionality of Section 2 of the Voting Rights Act, and (3) whether Section 2 of the Voting Rights provides a private right of action. As to its first issue, Georgia argued that Plaintiffs "cannot prove the third *Gingles* precondition" because they cannot establish racial bloc voting and that the district court had wrongly concluded that the totality of the circumstances showed a Section 2 violation. Opening Br. at 18–19, Doc. 33.

The parties shall submit supplemental briefs identifying for which issues raised on appeal, if any, *Callais* alters the appropriate legal analysis and how. Briefs shall not exceed 15 pages. Georgia shall file its brief by May 29, 2026. Plaintiffs shall file their responses by June 19, 2026. If Georgia wishes to reply, it must do so by July 3, 2026, in a brief not to exceed 8 pages.

To the extent Georgia seeks to raise new issues omitted from its opening brief, it must identify the previously binding precedent in this circuit that *Callais* overturned, *United States v. Durham*, 795 F.3d 1329, 1330 (11th Cir. 2015) (en banc), and explain how *Callais* "enable[d] [Georgia] to bring '[its] new claim or theory,'" *United States v. McCullough*, 851 F.3d 1194, 1202 (11th Cir. 2017) (quoting *Durham*, 795 F.3d at 1331).

SO ORDERED.

LAGOA, Circuit Judge, Dissenting:

I respectfully dissent. In light of the United States Supreme Court's decision in *Louisiana v. Callais*, No. 24–109, 2026 WL 1153054, (U.S. Apr. 29, 2026), *judgment entered*, No. 24–109, 2026 WL 1209010 (U.S. May 4, 2026), I would vacate the district court's decision and remand to the district court for consideration of this case in light of *Callais*.